IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| APRIL FAVORS, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:22-CV-00245-ALM-CAN |
| v. | § § | |
| HOPKINS COUNTY JAIL COURTHOUSE, ET AL., | § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On February 7, 2022, *pro se* Plaintiff April Favors ("Plaintiff") filed a Complaint in the U.S. District Court for the District of Columbia complaining that she was falsely arrested and about her conditions of confinement [Dkt. 1]. On that same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application to Proceed *In Forma Pauperis*") [Dkt. 2]. Plaintiff's case was subsequently transferred to the Eastern District of Texas, Sherman Division, and referred to the undersigned [Dkts. 3; 4; 5]. Upon review of Plaintiff's Application, the Court noted it was unclear whether Plaintiff was presently incarcerated or not. Plaintiff provides a residential address; however, the substance of her claim is regarding her conditions of confinement and the email address provided is for an individual other than Plaintiff. Thus, the Court provided Plaintiff additional time to supplement her Application [Dkt. 6]. Plaintiff failed to respond to the Court's Deficiency Order; indeed, the Order was returned as "unclaimed". On May 10, 2022, the Court provided Plaintiff a final opportunity to "either the pay the $402.00 filing fee or submit an in forma pauperis data sheet reflecting trust fund activities for the last six months" within thirty (30) days of receiving the Order [Dkt. 7 at 1]. The Court further warned:

"Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of the case" [Dkt. 7 at 1]. Plaintiff acknowledged receipt of the Court's May 10 Order [Dkt. 9].

To date, Plaintiff has failed to supplement her pending Application. She has not paid the $402.00 filing fee, provided a copy of her inmate trust account, or advised the Court that she is not in custody. Plaintiff has not complied with the Court's Orders [Dkts. 6; 7]. It is Plaintiff's responsibility to pay the required filing fee or provide a complete application to proceed *in forma pauperis*. Thus, Plaintiff has failed to prosecute this case. *See* FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Orders related to consideration of her pending Application to Proceed *In Forma Pauperis* [Dkts. 6; 7]. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*,

No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020); *Guevara v. Paul*, No. 6:17CV176, 2018 WL 7412985, at *1 (E.D. Tex. July 16, 2018) ("Guevara's failure to submit a certified inmate trust account data sheet as ordered means his lawsuit may be dismissed for failure to prosecute or to obey an order of the Court.").[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee, provision of a complete application to proceed *in forma pauperis*, and has not filed any other request for relief since the most recent Order. Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of June, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE